MASON, ERNEST E., Associate Judge,
This is an appeal from a partial summary judgment entered in favor of appellee ordering that it is entitled to be indemnified by appellant as to claims asserted by the plaintiff, Garden Street Management Corporation, in a suit against both parties.
The suit arose as a result of the actions of appellee, the general contractor, and appellant, a subcontractor, in conducting pile driving operations in the immediate vicinity of Garden Street’s motel building. Garden Street filed a two-count complaint against both corporations alleging in count one that the corporations conducted the pile driving operations in such a negligent manner as to cause excessive vibration in the land adjoining the motel building thereby damaging the building and alleging in count two that the corporations were strictly liable to Garden Street. Appellee cross-claimed against appellant alleging an indemnity agreement in the subcontract. After appellee moved for a summary judgment on its cross-claim, the trial court entered the partial summary judgment here appealed ordering that ap-pellee is entitled to be indemnified by appellant as to claims asserted by Garden Street against it, including damages awarded as a result of the imposition of strict liability. However, the trial court specifically excepted any damages that might be imposed on appellee arising from its own active negligence.
Although a copy of the subcontract is not in the record on appeal, both parties concede that the pertinent portions of the subcontract dealing with indemnity provide as follows:
“SECTION 1.
“(c) The Subcontractor shall hold and save the Contractor harmless from any liability for injury or damage to persons or property occurring on in connection therewith.
“(d) The Subcontractor agrees to furnish all labor, insurance and tax on same, equipment and material to construct all items of work as set forth in Section I in accordance with the plans and specifications. The subcontractor shall promptly pay all of his obligations in connection with or pertaining to the subcontract work and all premiums incurred for surety bonds and insurance carried in connection with the subcontract work. Subcontractor shall promptly pay all taxes, licenses and assessments, including damages, penalties and interest thereon pertaining to or arising out of the subcontract work. Subcontractor shall carry out to the letter and to the satisfaction of the Principal, all terms of the Original Contract as it pertains to the subcontract work and shall pay all of the expense and cost of attorneys’ fees that may be incurred in the enforcement of the conditions and obligations of this subcontract agreement and of any bond furnished in connection herewith, including expenses, interest, cost and attorneys’ fees to all persons furnishing labor, material, equipment and supplies and other items therefor. Subcontractor agrees to indemnify and save Contractor harmless from all claims, demands, costs, expenses, interest and attorneys' fees whatsoever arising out of or pertaining to the subcon *655 tract and the performance or failure to perform same. Any surety bond furnished under this subcontract shall include the same obligations as herein assumed by subcontractor, whether expressly therein referred to or not, and any provision of such bond to the contrary shall be of no force and effect.” (emphasis supplied)
We must agree with the trial court that the indemnity language in the subcontract is broad enough to include damages awarded as a result of the imposition of strict liability. Further, the trial court recognized the rule in University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973) that in order for an indemnity agreement to indemnify against the indemnitee’s active negligence, it must contain a specific provision protecting the indemnitee from liability caused by his active negligence. The partial summary judgment specifically provides that appellant will not be required to indemnify appellee from any damages “arising from its own active negligence”.
It is evident the trial court in rendering this partial summary judgment based upon the cross-claim of appellee has not determined that Garden Street is or is not entitled to recover on the basis of strict-liability and nothing in this opinion is to be construed as determinative of that issue.
Accordingly, the partial summary judgment is affirmed.
MILLS, Acting C. J., and ERVIN, J., concur.